UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Roberto Guadalupe Aleman,

        Defendant.

Criminal No. 09-109 (JNE/JJK)
Civil No. 13-2651 (JNE)
ORDER

        On May 26, 2010, Defendant Roberto Guadalupe Aleman pled guilty to a charge of conspiracy to distribute a controlled substance. Aleman was one of twenty-seven defendants named in a superseding indictment that listed multiple counts for charges involving distribution of controlled substances and money laundering. Aleman pled guilty to Count 1 of the superseding indictment for conspiracy to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 and admitted to being involved in distributing between 50 and 150 kilograms of cocaine.

        On September 7, 2011, the Court sentenced him to 210 months in prison, the lower end of the 210 to 262 sentencing guideline range that the Court deemed applicable. As to the determination of his sentence, Aleman did not dispute the applicable base offense level of 36. The Court entered a four-level enhancement based on the facts stated in the Probation Officer's Presentence Investigation report ("PSR") showing that Aleman played a leadership role in the drug trafficking organization involved in the conspiracy. Prior to sentencing, Aleman confirmed that he was "resting on" the facts in the PSR, but he contested the four-level enhancement for his leadership role. Aleman appealed the imposition of the enhancement and the Eighth Circuit affirmed. *United States v. Aleman*, 468 Fed. Appx. 645, 646 (8th Cir. 2012).

Presently before the Court is Aleman's pro se motion seeking to vacate and correct his sentence pursuant to 28 U.S.C. § 2255. He also seeks an evidentiary hearing. For the reasons stated below, his motion and request for an evidentiary hearing are denied.

## DISCUSSION

A prisoner whose "sentence was imposed in violation of the Constitution or laws of the United States" may under § 2255 "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). "A prisoner is entitled to an evidentiary hearing on a section 2255 motion unless the motion, files and records of the case conclusively show that the prisoner is not entitled to relief." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995). Thus, a petition may be dismissed without a hearing if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.*

By his motion, Aleman raises three issues, but they do not warrant his requested relief.

First, Aleman contends that the search warrant executed in his case violated his Fourth Amendment rights because it relied on inadequately supported affidavits to establish probable cause. But Aleman waived his right to pursue this challenge when he entered a guilty plea on March 26, 2010. *See Smith v. United States*, 876 F.2d 655, 657 (8th Cir. 1989) (confirming that "[i]n pleading guilty, a defendant waives all challenges to the prosecution except those related to jurisdiction," including "his claims on search and seizure"). At his change of plea hearing and

prior to entering his guilty plea, Aleman attested to his understanding that he had the right to challenge the legality or constitutionality of anything the government had done in investigating or prosecuting its case against him and that he would give up that right if he entered a guilty plea. Aleman does not contend—and cannot in light of his admissions during that proceeding—that he unknowingly or involuntarily entered his plea. Under these circumstances, any present allegations of the impropriety of the searches in his case do not create a basis to consider and grant his request for relief under 28 U.S.C. § 2255. *See Smith*, 876 F.2d at 656-57.

Second, Aleman seeks to have the Court revisit its determination of his offense level for sentencing purposes. In particular, Aleman contends that the conspiracy for which he was held responsible was actually a disconnected group of multiple conspiracies, limiting his relevant conduct under the sentencing guidelines. But the Court need not work out the contours of the conspiracy or conspiracies implicated by the allegations of the indictment or sort out the extent of Aleman's involvement, because he admitted to involvement in a conspiracy that set the base offense level for his sentence and he has already directly appealed the determination of the enhancement for his leader role in that conspiracy.

As to his base offense level, the offense level for conspiring to traffic between 50 and 150 kilograms of cocaine is 36. *See* 2010 Federal Sentencing Guidelines Manual §2D1.1(a) and (c). The PSR states that Aleman "conspired with others to distribute at least 50 kilograms but less than 150 kilograms of cocaine from December 2005 through April 29, 2009." A court may accept factual allegations in a PSR as true for sentencing purposes, "unless a defendant objects to a specific factual allegation." *United States v. Moser*, 168 F.3d 1130, 1132 (8th Cir. 1999). In connection with his sentencing proceedings, Aleman affirmatively rested on the factual assertions of the PSR. Additionally, at his change of plea hearing, Aleman admitted under oath

3

to being involved in distributing between 50 and 150 kilograms of cocaine. Thus, any other conspiracies involving others named or unnamed in the superseding indictment,[1] but not Aleman, are irrelevant for purposes of determining the correctness of his base offense level. Moreover, Aleman did not directly appeal—and could not have successfully appealed, in light of his acceptance of the factual averments of the PSR and admissions at his plea hearing—the setting of his base offense level. Consequently, he may not collaterally attack the determination of his base offense level in a § 2255 proceeding. *See United States v. Serpa*, 930 F.2d 639, 640 (8th Cir. 1991).

The four-level enhancement for Aleman's leadership role in the drug trafficking organization may not be challenged via a 28 U.S.C. § 2255 motion because Aleman already directly appealed that enhancement to the Eighth Circuit. *See Aleman*, 468 Fed. Appx. at 646. And it is well settled that "[i]ssues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255." *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001) (citing *United States v. McGee*, 201 F.3d 1022, 1023 (8th Cir. 2000); *see also English v. United States*, 998 F.2d 609, 612 (8th Cir. 1993) (noting that a defendant "cannot use a section 2255 petition to collaterally attack the sufficiency of the evidence in his case, an issue resolved on direct appeal"). In deciding Aleman's direct appeal, the Eighth Circuit specifically found that the "factual account contained in the PSR sufficiently supports the imposed enhancement here." 468 Fed. Appx. at 646. Thus, the question of the propriety of the four-level enhancement of Aleman's offense level may not be relitigated in a § 2255 proceeding.

---

[1] The PSR notes that the drug trafficking organization involving Aleman and his co-defendants was responsible for importing approximately 150 to 500 kilograms of cocaine to the United States.

To the extent Aleman attempts to challenge the enhancement on a different or modified theory than the ones used in his direct appeal, the Court declines to consider it now. *See Serpa*, 930 F.2d at 640 (quoting *United States v. Samuelson*, 722 F.2d 425, 427 (8th Cir. 1983)), for the principle that "section 2255 is not a substitute for direct appeal, and matters which could have been raised on appeal will not be considered"). Moreover, the Eighth Circuit did not merely reject the specific argument made on appeal of the impropriety of Aleman's enhancement in comparison to the lack of an enhancement for his mother, who was also a defendant named in the superseding indictment. Rather, the Eighth Circuit addressed the propriety of the enhancement generally when it found that the factual account contained in the PSR sufficiently supported the imposed enhancement. *See Aleman*, 468 Fed. Appx. at 646.

Third, Aleman makes a claim of ineffective assistance of counsel, alleging that his lawyer failed to raise the first two issues in the "pre-conviction forum." To prevail on a claim of ineffective assistance of counsel, a criminal defendant must show (1) that his "counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 684-96 (1984). "Judicial scrutiny of counsel's performance must be highly deferential," and in assessing the reasonableness of counsel's conduct, a court must apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Under the applicable standards, Aleman cannot show that he received ineffective assistance from his counsel.

As to the first item of the sufficiency of the search warrant as to Aleman, counsel did file a "Motion to Suppress Evidence Obtained through Illegal Search" that stated that "[a]ny and all

5

warrants were issued without probable cause and in violation of the Fourth Amendment."[2] The Magistrate Judge recommended denial of the motion, noting that "this Court's review of the evidence in this case, including the search warrants admitted at the October 13, 2009 hearing, reveals no such violations" of Aleman's Fourth Amendment Rights. This Court adopted the Magistrate Judge's recommendation and denied the motion on February 17, 2010, along with other suppression motions filed by Aleman's counsel. As discussed above, in entering his guilty plea, Aleman waived all right to challenge the propriety of the government's searches in this matter. Consequently, counsel's failure to subsequently pursue the matter was not unreasonable.

Similarly, Aleman's counsel cannot be said to have rendered ineffective assistance on the second item that Aleman raises. In light of Aleman's factual admissions in connection with his guilty plea, Aleman's Counsel could not reasonably challenge the base offense level. As explained above, the Sentencing Guidelines set the base level at 36 for a drug quantity of 50 to 150 kilograms. The reasonableness of counsel's conduct in agreeing on the base offense level at the time of sentencing is confirmed by the similar conduct of other counsel representing co-defendants who also pled guilty to Count 1 of the superseding indictment and acknowledged involvement in a conspiracy leading to distribution of 50 to 150 kilograms of cocaine. For example, co-defendants Esaul Miranda and Ernesto Jimenez Guzman admitted to involvement in

---

[2] The Magistrate Judge conducted a criminal-motions hearing on November 3, 2009. As the Report and Recommendation notes, Aleman's counsel did not make written argument as allowed to do after the hearing. Nonetheless, there is no indication that this failure was anything but a reasonable strategic choice in light of the content of the affidavits underlying the warrant application. Motions to suppress evidence resulting from search and seizure filed by two other defendants, Maria Isabel Aleman and Juan Fidel Aleman, were also before the Magistrate Judge in connection with the November 3, 2009 hearing. Counsel for both of those defendants also did not submit post-hearing written argument on the search and seizure issue. Notably, while counsel for Juan Aleman chose to brief certain other suppression motions filed at the same time, they did not address the search and seizure motion.

a conspiracy to distribute between 50 and 150 kilograms of cocaine in a manner similar to Aleman, and their counsel accepted their qualification for a base offense level of 36.

At the time of sentencing, Aleman's Counsel did object to the four-level enhancement for a leadership role and subsequently appealed the issue. But the Eighth Circuit affirmed the enhancement, finding the factual basis for the enhancement sound. Under these circumstances, counsel cannot be said to have rendered ineffective assistance.

Because Aleman's § 2255 motion conclusively shows that he is not entitled to relief, his request for an evidentiary hearing on the first two issues will also be denied. Aleman's allegation that the warrant in this case was based on inadequate affidavits is definitively contradicted by the record and his contentions about multiple conspiracies are irrelevant, as explained above. Consequently, Aleman is not entitled to an evidentiary hearing on either issue. *See Engelen*, 68 F.3d at 240.

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits… [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where a district court rejects claims on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Here, Aleman has not made any showing that reasonable jurists would

find the rejection of his claims debatable or wrong. Therefore, the Court declines to grant a certificate of appealability.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant Roberto Guadalupe Aleman's § 2255 pro se motion [Docket No. 1206] is DENIED.

2. A certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  November 13, 2013                              s/Joan N. Ericksen
                                                       JOAN N. ERICKSEN
                                                       United States District Judge